IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY SAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-4041 |
| | § | |
| LABORDE MARINE, L.L.C. and | § | |
| FIELDWOOD ENERGY LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ray Sam ("Plaintiff") sued defendants Laborde Marine, L.L.C. ("Laborde") and Fieldwood Energy LLC ("Fieldwood") (collectively, "Defendants") in the 165th District Court of Harris County, Texas.[1] Defendant timely removed based on jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA").[2] Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 10). For the reasons stated below, Plaintiff's Motion to Remand will be denied.

---

[1]Defendants' Joint Notice of Removal ("Notice of Removal"), Docket Entry No. 1, p. 1 ¶ 1; Plaintiff's Original Petition and Request for Disclosure ("Original Petition"), Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 1. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Notice of Removal, Docket Entry No. 1, p. 4 ¶ 12.

## I. Alleged Facts and Procedural Background

Defendant Fieldwood owns the Eugene Island 333 offshore platform ("the platform").[3] Defendants assert and Plaintiff does not dispute that the platform is located on the Outer Continental Shelf ("OCS").[4] Plaintiff was employed as an inspector and arrived on the platform to perform tests on January 9, 2019.[5] Fieldwood housed Plaintiff on a nearby vessel owned and operated by defendant Laborde.[6] During his first night on the vessel, Plaintiff slipped while descending stairs and suffered injuries.[7] On September 5, 2019, Plaintiff sued Defendants in state court alleging negligence.[8] Defendants removed under OCSLA on October 16, 2019.[9] Plaintiff filed his Motion to Remand on November 15, 2019,[10] and Defendants filed responses on December 6, 2019.[11]

---

[3]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 3 ¶ 5.2.

[4]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 2; see also Floyde W. Cook's Unsworn Declaration Under Penalty of Perjury ("Cook Declaration"), Exhibit A to Fieldwood Energy LLC's Memorandum in Opposition to Plaintiff's Motion to Remand ("Fieldwood's Response"), Docket Entry No. 12-1, p. 5 ¶ 20.

[5]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 3 ¶¶ 5.1, 5.2.

[6]Id. ¶ 5.2.

[7]Id.

[8]Id. at 1, 4-5.

[9]Notice of Removal, Docket Entry No. 1, p. 4 ¶ 12.

[10]Plaintiff's Motion to Remand ("Motion to Remand"), Docket Entry No. 10.

[11]Defendant Laborde Marine Management, LLC's Response to Plaintiff's Motion to Remand, Docket Entry No. 11 ("Laborde's Response"); Fieldwood's Response, Docket Entry No. 12.

## II. Analysis

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). Jurisdictional facts must be judged as of the time of the filing of the state court petition. White v. FCI USA, Inc., 319 F.3d 672, 674 (5th Cir. 2003) (per curiam). "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

### A. Relevance of Admiralty Jurisdiction

Federal courts have original jurisdiction in maritime cases except where the plaintiff elects to sue in state court. 28 U.S.C. § 1331(1); Morris v. T E Marine Corp., 344 F.3d 439, 444 (5th Cir. 2003). Plaintiff argues that removal was improper because he alleges a maritime claim against Defendants.[12] However, defendants

---

[12]Motion to Remand, Docket Entry No. 10, pp. 7-8.

-3-

may remove a general maritime action from state court if there is a basis for federal jurisdiction other than admiralty. Barker v. Hercules Offshore, Inc., 713 F.3d 208, 220 (5th Cir. 2013). OCSLA grants federal district courts jurisdiction over cases "arising out of, or in connection with any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf." 43 U.S.C. § 1349(b)(1). The Fifth Circuit has repeatedly held that general maritime cases may be removed if OCSLA jurisdiction applies. Barker, 713 F.3d at 221; Morris, 344 F.3d at 444. Accordingly, removal was proper if the court has OCSLA jurisdiction over Plaintiff's claims.

## B. OCSLA Jurisdiction and Situs

Plaintiff argues OCSLA jurisdiction requires situs on a platform or installation attached to the OCS, which excludes vessels like the one he was injured on.[13] But the Fifth Circuit has explicitly rejected the argument that OCSLA jurisdiction includes a situs requirement. In re Deepwater Horizon, 745 F.3d 157, 164 (5th Cir. 2014). OCSLA jurisdiction requires only a but-for connection, meaning the facts underlying the action would not have occurred but for an operation on the Outer Continental Shelf. Id. at 163. Plaintiff cites Barker v. Hercules Offshore, Inc., where

---

[13]Id. at 11-12.

-4-

the court, in analyzing whether there was jurisdiction under OCSLA, stated:

> To determine whether a cause of action arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment.

713 F.3d at 213. Barker pre-dates and was cited in, but not overruled or distinguished by, Deepwater Horizon. 745 F.3d at 163 (citing Barker for the rule that "[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply").

The apparent conflict between Barker and Deepwater Horizon arises because OCSLA not only creates federal jurisdiction but also provides choice-of-law rules and a body of substantive law governing controversies that arise on the OCS. See EP Operating Ltd. Partnership v. Placid Oil Co., 26 F.3d 563, 569 (5th Cir. 1994) (discussing both jurisdiction and choice-of-law under OCSLA). OCSLA provides that federal law, supplemented by gap-filling state law, applies "to the subsoil and seabed of the outer Continental Shelf . . . and to all installations" attached thereto. 43 U.S.C. §§ 1333(a)(1), (a)(2)(A). Situs is a requirement for this body of law to apply because § 1333 extends to the geographic location of the OCS. Union Texas Petroleum Corp. v. PLT Engineering, Inc., 895 F.2d 1043, 1047 (5th Cir. 1990). The jurisdictional grant, by contrast, covers not only cases arising geographically on the OCS

but also over cases arising "in connection with" operations thereon. 43 U.S.C. § 1349(b)(1). Barker and Deepwater Horizon's holdings on jurisdiction therefore do not conflict because Barker teaches only that claims governed by § 1333's substantive law necessarily fall under OCSLA jurisdiction while Deepwater Horizon provides the broader test for OCSLA jurisdiction applicable in cases that may be governed by other substantive law.

This conclusion is consistent with the district court decision cited by Plaintiff, Hicks v. BP Exploration & Production, Inc., 308 F. Supp. 3d 878 (E.D. La. 2018). That court acknowledged that Barker and Deepwater Horizon appear to disagree on whether OCSLA requires situs as part of the but-for test and followed Barker because it has not been overruled and is supported by other Fifth Circuit case law. Id. at 883 n.8. But Hicks was deciding choice-of-law under OCSLA, not jurisdiction, as were the other Fifth Circuit cases it cited as supporting Barker. Grand Isle Shipyard, Inc. v. Seacor Marine, LLC, 589 F.3d 778, 783-84 (5th Cir. 2009); Union Texas Petroleum Corp. v. PLT Engineering, Inc., 895 F.2d 1043, 1046-47 (5th Cir. 1990); Hicks, 308 F. Supp. 3d at 878, 893. Hicks therefore correctly applied the choice-of-law standard rather than the broader jurisdictional standard. Because Plaintiff's motion only addresses jurisdiction, this court must follow the rule stated in Deepwater Horizon: OCSLA jurisdiction requires only a but-for connection with no situs requirement. Deepwater Horizon, 745 F.3d at 164.

C.  OCSLA Jurisdiction But-For Test

The test for OCSLA jurisdiction under § 1349 is whether "(1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation." Deepwater Horizon, 745 F.3d at 163. Plaintiff argues that the activities that caused his injury all occurred on the vessel and therefore were not an operation on the OCS.[14] In Plaintiff's view, the only relevant acts were Defendants' use, maintenance, and operation of the vessel. Defendants respond that the court should look to Plaintiff's employment on the platform, which was on the OCS, as the qualifying activity that was a but-for cause of Plaintiff's injury.[15]

A person employed to work on an OCS platform that furthers mineral development is engaged in an activity that satisfies the but-for test. Recar v. CNG Producing Co., 853 F.2d 367, 369 (5th Cir. 1988). Plaintiff's injury would not have occurred but for his assignment as an inspector on the platform, meaning his case arising from those injuries is "in connection with" his duties on the platform. See id. Both elements for OCSLA jurisdiction are therefore satisfied. Plaintiff cites no authority to support his

---

[14]Motion to Remand, Docket Entry No. 10, p. 16.

[15]Laborde's Response, Docket Entry No. 11, p. 5 ¶ 9.

argument that the court should consider only the activities on the vessel where he was injured. But injuries suffered on a vessel because of employment on a minerals-producing OCS platform are sufficient to establish OCSLA jurisdiction. Id.; Hubbard v. Laborde Marine LLC, Civil Action No. 13-5956, 2014 WL 12776414, at *2 (E.D. La. June 2, 2014) (finding OCSLA jurisdiction where a crewman on a vessel servicing a platform on the OCS was injured on that vessel).

Plaintiff cites two district court cases in which the courts found no jurisdiction because the alleged operations leading to injury occurred in state coastal land or territorial waters, not on the OCS. Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Co., LLC, 29 F. Supp. 3d 808, 836 (E.D. La. 2014); Parish v. Exxon Mobile Corp., Civil Action No. 13-6717, 2015 WL 4097111, at *15 (E.D. La. July 7, 2015). These decisions are distinguishable because Plaintiff has not argued that the platform is not on the OCS, and Defendants have produced uncontroverted evidence to support that it is.[16] The court therefore concludes that the platform was located on the OCS and that Plaintiff's employment pursuant to the operations on the platform qualify as an activity that establishes OCSLA jurisdiction.

---

[16]Cook Declaration, Exhibit A to Fieldwood's Response, Docket Entry No. 12-1, p. 5 ¶ 20.

### III. Conclusion and Order

For the reasons explained above, the court concludes it has jurisdiction over this action under OCSLA. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 10) is **DENIED**.

**SIGNED** at Houston, Texas, on this 6th day of January, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE